OPINION JUDGMENT ENTRY
{¶ 1} Plaintiff-appellant Lauri Weinfeld appeals from the November 22, 2002, Jury Verdicts and the June 5, 2003, and June 6, 2003, Judgment Entries of the Stark County Court of Common Pleas. Defendants-appellees Robert Welling and Katherine Welling have filed a cross-appeal.
STATEMENT OF THE FACTS AND CASE
 {¶ 2} On July 22, 1999, appellant filed a complaint against appellees in the Stark County Court of Common Pleas. Appellant, in her complaint, raised claims of nuisance, strict liability, trespass, defamation, intentional tort, intentional interference with contract and civil conspiracy. Appellant sought both monetary damages and injunctive relief.
 {¶ 3} On September 8, 1999, appellees filed an answer and verified counterclaim. Appellees, in their counterclaim, set forth claims alleging zoning violations, nuisance, trespass, invasion of privacy and violations of deed restrictions. Appellees, in their complaint, requested both monetary and injunctive relief.
 {¶ 4} Subsequently, on January 15, 2002, appellant filed an amended complaint, raising claims of nuisance, trespass, invasion of privacy, defamation, infliction of emotional distress, and interference with business relations. Once again, appellant sought monetary damages and injunctive relief. Appellees, on January 25, 2002, filed an answer to the amended complaint as well as a counterclaim. Appellees, in their counterclaim, stated that "Defendants, by and for their counterclaim against the plaintiff, restate and reaver each and every allegation as contained in their verified counterclaim which was filed on September 8, 1999, . . . as if fully rewritten herein and incorporated by reference."
 {¶ 5} The case was scheduled for trial on November 13, 2002. The parties agreed that the issues of injunctive relief and whether, as appellant alleged, appellees had violated the deed restrictions would be determined by the trial court.
 {¶ 6} The matter then proceeded to trial on appellant's causes of action for interference with contractual relations, intentional infliction of emotional distress, nuisance, and trespass and on appellees' counterclaim for invasion of privacy, nuisance and trespass. On November 22, 2002, the jury returned with a general defense verdict on appellant's claims against appellees and found in favor of appellees on their counterclaim against appellant for invasion of privacy and awarded appellees $5,412.38 in damages and $250,000.00 in punitive damages. With respect to appellees' counterclaim, the jury, however, rejected appellees' claims of nuisance and trespass.
 {¶ 7} On December 6, 2002, appellant moved for judgment notwithstanding the verdict or, in the alternative, for a new trial or remittitur. Thereafter, appellant, on January 8, 2003, filed a brief arguing that she was entitled to a permanent injunction as well as a finding from the trial court that appellees had violated their deed restrictions. Pursuant to a Judgment Entry filed on June 5, 2003, the trial court overruled the appellant's motion for judgment notwithstanding the verdict, but granted a remittitur of the punitive damages award to $35,000.00 subject to acceptance by appellees. The trial court, upon rejection of the remittitur by appellees, granted a new trial on the invasion of privacy issue with respect to the appellees' counterclaim as well as on the issue of damages. As memoralized in a Judgment Entry filed on June 6, 2003, the trial court addressed the issues relating to deed restrictions and appellant's request for a permanent injunction. The trial court specifically denied appellant's request for a permanent injunction enjoining appellees' "violation of certain deed restrictions and future noise violations"
 {¶ 8} Appellant now raises the following assignments of error on appeal:
 {¶ 9} "I. The jury's verdict was inadequate, unsupported by the record and against the manifest weight of the evidence, thus warranting a reversal and new trial of this case.
 {¶ 10} "II. The trial court erred in denying appellant's motion for jnov on appellees' counterclaim for invasion of privacy.
 {¶ 11} "III. The trial court erred in permitting the testimony of a surprise witness.
 {¶ 12} "IV. The trial court erred in denying appellant's motion for a permanent injunction.
 {¶ 13} "V. The trial court erred in denying appellant relief from appellee's deed restriction violations."
 {¶ 14} In turn, appellees raise the following assignments of error on cross-appeal:
 {¶ 15} "I. The trial court erred in granting a new trial on defendant's counterclaim for invasion of privacy.
 {¶ 16} "II. The trial court erred in granting a remittitur and reducing the punitive damages award."
 {¶ 17} Before addressing the merits of appellant's arguments, we note that when jurisdiction appears unclear, a Court of Appeals should raise issues of jurisdiction sua sponte. In reEstate of Geanangel, 147 Ohio App.3d 131, 134, 2002-Ohio-850,768 N.E.2d 1235. Thus, before considering the merits, we shall consider whether this court has jurisdiction over appellant's appeal.
 {¶ 18} Ohio law provides that appellate courts have jurisdiction to review only the final orders or judgments of inferior courts in their district. See, generally, Section3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed.
 {¶ 19} As is stated above, appellant filed an amended complaint against appellees setting forth claims of nuisance, trespass, invasion of privacy, defamation, infliction of emotional distress, and interference with business relations. While appellees, in their brief, indicate that, prior to trial, appellant voluntarily dismissed her claims for defamation and invasion of privacy, no entry or notice dismissing such claims has been filed in the trial court in this matter.[1] In addition, while appellees, in their brief, indicate that, with respect to their counterclaim, they dismissed their claims alleging zoning violations and violations of deed restrictions, there is no entry or notice dismissing the same. Such claims, therefore, remain pending
 {¶ 20} For such reason, we find that there was not a final appealable order in the case sub judice. See Heropulos v.Phares (Feb. 7, 2000), Stark App. No. 1999CA00003, 2000 WL 222200. Since there was not a final appealable order in this case, this court lacks jurisdiction to review appellant's appeal. Id.
 {¶ 21} Accordingly, since no final appealable order exists in the case sub judice, we dismiss this case for lack of jurisdiction.
Edwards, J., Hoffman, P.J., Boggins, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the within appeal is dismissed for lack of jurisdiction. Costs assessed to appellant.
[1] We note that appellant filed proposed jury instructions for defamation and invasion of privacy with the trial court on November 12, 2002, the day before trial.